SMITH, Supervisor of the Town of North Hempstead, *against* LEVINUS.

*Local legislation by supervisors; constitutionality; dredging for oysters.*

IN September, 1850, the board of supervisors of Queens county passed an act, declaring that no person should take oysters from any of the public waters in

said county by means of the process called or known as dredging, under the penalty of one hundred dollars for each offence, to be recovered by the supervisor of the town where the offence was committed. In October, 1850, they passed a further act, declaring that any person found casting an instrument called or known as a dredge, into any of the bays or harbors, public waters, in the county of Queens, should be deemed guilty of a violation of the oyster law, whether any oysters should be taken or not by such means.

The complaint in this case, after setting forth the above laws, stated that the defendant, after the passage of the said laws, entered the waters of Cow Bay, in the town of North Hempstead, in said county, and then and there took oysters from the waters of said bay, by means of the process called or known as dredging, and cast an instrument, called or known as a dredge, in said waters, contrary to the provisions of said acts, and the plaintiff demanded judgment for the penalty of one hundred dollars.

The defendant demurred, and assigned for causes, that the acts of the board of supervisors were void; and that the act of the legislature, of April 3, 1849, ch. 149, conferring certain powers of local legislation and administration upon boards of supervisors, was unconstitutional and void. The Supreme Court gave judgment in favor of the plaintiff, and that judgment was affirmed.

It was also objected, that it was not alleged in the complaint that the plaintiff was supervisor. In the title of the cause he described himself as "Supervisor of North Hempstead," and commenced the complaint under such title, as follows: "The complaint of the plaintiff above named, as supervisor, as aforesaid, shows to this court," &c. This was held sufficient.

(S. C., 8 N. Y. 472.)